### BRAND v. SMITHDEAL et al.

### No. 1747.

Court of Civil Appeals of Texas. Waco.

June 11, 1936.

Will M. Martin and J. W. McDaniel, both of Hillsboro, for appellant.

C. M. Smithdeal, of Dallas, and J. E. Clarke, of Hillsboro, for appellees.

ALEXANDER, Justice.

This suit was brought by E. C. Brand, as banking commissioner of Texas, against R. R. Landreth and C. M. Smithdeal to recover on two notes executed by them in 1931 to Central Bank & Trust Company of Hillsboro, a state bank then in liquidation, and to foreclose a chattel mortgage given to secure payment of the notes. The defendants alleged, in substance, that in the years 1924 to 1929, inclusive, Landreth, who was a tenant on Smithdeal's farm, borrowed money from the Farmers National Bank of Hillsboro and executed and delivered to said bank notes therefor signed by himself and by Smithdeal, who was a surety, and secured by chattel mortgages on Landreth's crops and other personal property; that although said notes were paid in full said bank called upon said defendants and required them to execute new notes for a balance claimed to be due on the original indebtedness; that said notes were renewed from time to time; that the Farmers National Bank was later taken over by the Central Bank & Trust Company and that the notes here sued on were given in renewal of the notes previously executed to the Farmers National Bank; that in truth and in fact said original indebtedness, with all interest thereon, had been fully paid; and that the new notes now held by the plaintiff were given for usurious interest charged by the bank and were without consideration. The jury, in answer to special issues, found that Smithdeal signed the notes in question as surety for Landreth; that the Farmers National Bank loaned to Landreth from 1924 to 1929, inclusive, on notes signed by him and Smithdeal the sum of $2,820; and that the Farmers National Bank and Central Bank & Trust Company during said years collected on said notes from the crops produced on Smithdeal's farm the sum of $5,184.10. Upon these findings, the court entered judgment for the defendants. The plaintiff appealed.

The appellant complains because the court permitted Smithdeal to testify as to the amount of rents received by him during the years in question off of the farm cultivated by Landreth. This evidence, standing alone, would not be material on the issue of payments on the notes sued on, but there were other circumstances which we believe rendered the evidence admissible. At the time Smithdeal was induced to sign Landreth's note as surety, he proposed to take a mortgage on Landreth's crop for his protection, but at the bank's suggestion the chattel mortgage was made directly to the bank. Landreth testified that all crops produced by him on said farm during said years were sold by him and proceeds delivered to the bank for the purpose of calculating the amount of the rents, etc.; that out of such proceeds Smithdeal's share of the rent was deposited to his credit and memoranda thereof sent to him; and that $8 per bale of cotton was delivered to Landreth to cover picking and other expenses and that the balance was retained by the bank to be applied as a credit on the notes in question. Landreth did not keep an account of the payments made by him on the notes and the plaintiff did not produce the books of the bank showing the amount of such payments. In view of Landreth's positive testimony that he delivered to the bank all of his share of said crop, except $8 per bale, we think Smithdeal's testimony as to the amount of rents deposited in said bank by Landreth and evidenced by memoranda forwarded by the bank to Smithdeal was admissible as a circumstance to show the amount of payments received by the bank on said notes from Landreth.

It appears from the findings of the jury that the defendants had repaid to the bank the full amount borrowed, together with more than enough to cover the interest at the highest rate allowed by law. Under these circumstances, the plaintiff was not entitled to recover anything and it was therefore unnecessary for the court, as contended by plaintiff, to submit to the jury an issue as to whether the bank had charged a usurious rate of interest.

We have considered all other assignments and find no reversible error.

The judgment of the trial court is affirmed.